*PAID Rec #150004352*

*21*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MUJAHID S. MALIKULMULK,

    *Pro Se Plaintiff.*

    V.

DENNIS MCDONOUGH
ROBERT L. WILKE
SUZANNE DENEAU-GALLEY
OREE M. PAYNE
D.R. BRADY
BRIAN P. HUTCHEON
J. VAILLANCOURT
VSC LEONO

Case:2:23-cv-10582
Judge: Michelson, Laurie J.
MJ: Stafford, Elizabeth A.
Filed: 03-13-2023 At 12:05 PM
CMP MALIKULMULK V MCDONOUGH, ET AL
(LG)

Jury Trial: ___ Yes   X  No

MIED ProSe 1 (Rev5/16) Complaint for a civil case

1. **The Parties to This Complaint**

    A.   **The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint. Attach
        Additional pages if needed. (see attachment A. Plaintiff(s) continued)

| | |
|---|---|
| Name | Mujahid Suleiman Malikulmulk |
| Street Address | 41086 Southwind Drive |
| City and County | Canton, Wayne County |
| State and Zip Code | Michigan 48188 |
| Telephone Number | 734-548-7700 text, plaintiff is deaf, |
| E-mail Address | mujahidmalikulmulk@outlook.com |

MIED ProSe 1 (Rev5/16) Complaint for a civil Case

**B.** **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the persons' job or title (if known). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Dennis McDonough |
| Job or Title (if known) | Secretary, U.S. Department of Veteran Affairs |
| Street Address | 810 Vermont |
| City and County | Washington |
| State and Zip Code | District of Columbia 20420 |
| Telephone Number | 1-800-827-1000, 1-800-698-2411 |
| E-mail Address (if known) | Not known |

Defendant No. 2.

| | |
|---|---|
| Name | Robert L. Wilke, (retired Secretary U.S. Dept of  VA |
| Job or Title | VISITING FELLOW, National Defense Center |
| Street Address | 214 Massachusetts Ave |
| City and County | Washington |
| State and Zip Code | District of Columbia 20002 |
| Telephone Number | 202-548-5280 |
| E-mail Address | Not known |

E

Defendant No. 3

| | |
|---|---|
| Name | Suzzanne DeNeau-Galley |
| Job or Title (if known) | currently, VA Regional Office Director |
| Street Address | 477 Michigan Ave. 12th floor |
| City and County | Detroit, Wayne |
| State and Zip Code | Michigan 48226 |
| Telephone Number | 1-800-698-2411 |
| E-mail Address | Not known |

`2

MIED ProSe 1 (Rev5/16) Complaint for a civil Case

Defendant No. 4

| | |
|---|---|
| Name | Oree M. Payne |
| Job or Title | currently, |
| (if known) | Veteran Service Rating Representative |
| Street Address | 2122 W. Taylor St. |
| City and County | Chicago, Cook |
| State and Zip Code | Illinois 60612 |
| Telephone Number | 800-827-1000 |
| E-mail Address | Oree.payne@va.gov. |

Defendant No. 5

| | |
|---|---|
| Name | D.R.Brady, (retired), Veteran Service Manager |
| Job or Title | not known |
| Street Address | 477 Michigan Ave |
| City and County | Detroit, Wayne |
| State and Zip Code | Michigan 48226 |
| Telephone Number | 1-800-698-2411 |
| E-mail Address | Not known |

Defendant No. 6

| | |
|---|---|
| Name | Brian P. Hutcheon |
| Job or Title | Veteran Service Center Manager |
| Street Address | 477 Michigan Ave |
| City and County | Detroit, Wayne |
| State and Zip Code | Michigan 48226 |
| Telephone Number | 1-800-698-2411 |
| E-mail Address | Not known |

Defendant No. 7

| | |
|---|---|
| Name | J. Vaillancourt |
| Job or Title | VA Tiger Team Director |
| Street Address | P.O. Box 998020 |
| City and County | Cleveland, Cuyahoga |
| State and Zip Code | Ohio 44199-8020 |
| Telephone Number | not known |
| E-mail Address | Not known |

**II. Basis for Jurisdiction**

Under 28 U.S.C. s$^S$ 1331, A CASE ARISING UNDER THE United States Constitution or federal laws or treaties is a federal question case.

A. <u>Provisions of the United States Constitution</u>

1. *U.S. Constitution, Amendment 1.* <u>Right to petition the Government.</u>. Congress shall make no law ... abridging ... the right to petition the government for a redress of grievances.
2. *U.S. Constitution, Amendment VII.* <u>Rights in civil cases.</u> Trial by jury ... according to common law
3. *U.S. Constitution, Amendment VIII.* <u>Bails, fines, and punishments</u> excessive bail, fines, unusual punishments

B. <u>Federal Statues</u>

- This Court has jurisdiction pursuant to U.S. Code: Title 28.
- 28 U.S. Code s$^S$ 1361 – Action to compel United States officer to perform his duty.
- 42 U.S. Code s$^S$1986 – Action for neglect to prevent
- 5 U.S. Code s$^S$704 – Actions reviewable
- 28 .U.S. Code s$^S$ 1343 – Civil rights and elective franchise.
- 42 U.S. Code s$^S$ 1985(2),(3) – Conspiracy to interfere with civil rights,
- 28 U.S. Code s$^S$ 2675 – Federal agency disposition prerequisite; evidence
- 28 U.S. Code s$^S$ 1331 – Federal Question.
- 5 U.S. Code s$^S$552b – section f, Injunctive relief against federal agency. F
  28 U.S. Code s$^S$ 2676 – Judgement as bar
- 5 U,S. Code s$^S$ 703 – Judicial review of agency actions
- 38, U.S Code s$^S$5109A Revision decisions on grounds of clear and unmistakable error.
- 5 U.S. Code s$^S$706 – Scope of review
- 38 U,S. Code s$^S$303 - Secretary of Veteran Affairs
  28 U.S. Code s$^S$s$^S$ 2671 – 2680 Tort claim procedure
- 28 U,S, Code s$^S$1346(b) – United States as defendant
- 28 U.S. Code s$^S$ 1391 – Venue generally

MIED ProSe 1 (Rev5/16) Complaint for a civil Case

1. **The Parties to This Complaint: <u>Attachment A</u>**

   A. **Plaintiff(s), <u>continued.</u>**

   Plaintiff No. 2

   | | |
   |---|---|
   | Name | Darlene C. Malikulmulk |
   | Street Address | 41086 Southwind Drive |
   | City and County | Canton, Wayne County |
   | State and Zip Code | Michigan 48188 |
   | Telephone Number | 313-466-2996 |
   | Email Address | darlene9926@comcast.net |

   Plaintiff No. 3

   | | |
   |---|---|
   | Name | Shahid S. Malikulmulk |
   | Street Address | 6671 Brookshire |
   | City and County | Canton, Wayne County |
   | State and Zip Code | Michigan 48187 |
   | Telephone Number | 734-277-0292 |
   | Email Address | |

   Plaintiff No. 4

   | | |
   |---|---|
   | Name | Khalilah Massey |
   | Street Address | 6988 Plaintain |
   | City and County | Ypsilanti, Washtenaw, |
   | State and Zip Code | Michigan 48197 |
   | Telephone Number | 734-8337930 |
   | Email Address | abigailmalik82@gmail.com |

   Plaintiff No. 5

   | | |
   |---|---|
   | Name | Raheem Malikulmulk |
   | Street Address | 7411 Lochmoor Dr. |
   | City and County | Ypsilanti, Washtenaw |
   | State and zip Code | Michigan 48197 |
   | Telephone Number | 313-409-3026 |
   | Email Address | unknown |

`5

IED ProSe 1 (Rev5/16) Complaint for a civil Case

Plaintiff No. 6

| | |
|---|---|
| Name | Ms. Jumana Malikulmulk |
| Street Address | 2756 S. 13810 E. Rd |
| City and County | Pembroke Twp. Kankakee |
| State and Zip Code | Illinois 60958 |
| Telephone Number | 815-939-9400 c/o Natalie Becton |
| Email Address | unknown |

Plaintiff No. 7

| | |
|---|---|
| Name | Millicent Griffin |
| Street Address | 7752 Grandville |
| City and County | Detroit, Wayne |
| State and Zip Code | Michigan 48228 |
| Telephone Number | 313-835-4431 |
| Email Address | unknown |

Plaintiff No. 8

| | |
|---|---|
| Name | Natalie Becton c/o Riverside Healthcare |
| Street Address | 350 N. Wall St. |
| City and County | Hopkins Park, Kankakee, |
| State and Zip Code | Illinois, 60901 |
| Telephone Number | 815-939-9400 |
| Email Address | unknown |

Plaintiff No. 9

| | |
|---|---|
| Name | Doretha Jackson-Collins Newman |
| Street Address | c/o Gail Terhune, 49734 Shenandoah, |
| City and County | Macomb, Macomb |
| State and Zip Code | Michigan 48044 |
| Telephone Number | 248-252-0875 cell; 586-446-0075 home |
| Email Address | unknown |

MIED ProSe 1 (Rev5/16) Complaint for a civil Case

Plaintiff No. 10

| | |
|---|---|
| Name | Ray Anthony Collins |
| Street Address | 9651 Riverdale |
| City and County | Redford Twp., Wayne |
| State and Zip Code | Michigan 48239 |
| Telephone Number | 313-721-2006 |
| Email Address | unknown |

Plaintiff No. 11

| | |
|---|---|
| Name | Gina Nadira Wade |
| Street Address | 5607 Buckingham |
| City and County | Detroit, Wayne |
| State and Zip Code | Michigan 48224 |
| Telephone Number | 313-544-6246 |
| Email Address | unknown |

Plaintiff No. 12

| | |
|---|---|
| Name | Kevin Collins |
| Street Address | 20222 Carrie |
| City and County | Detroit, Wayne |
| State and Zip Code | Michigan 48234 |
| Telephone Number | 313-433-8729 |
| Email Address | unknown |

Plaintiff No. 13

| | |
|---|---|
| Name | Gay Nelson |
| Street Address | 22309 Audrey |
| City and County | Warren, Macomb |
| State and Zip Code | Michigan 48091 |
| Telephone Number | 313-854-8357 |
| Email Address | unknown |

`7

MIED ProSe 1 (Rev5/16) Complaint for a civil Case

Plaintiff No. 14

| | |
|---|---|
| Name | Gail Terhune |
| Street Address | 59734 Shenandoah Dr. |
| City and County | Macomb, Macomb |
| State and Zip Code | Michigan 48044 |
| Telephone Number | 586-446-0075 |
| Email Address | unknown |

U. S. District Court, for the Eastern District of Michigan

### III. Statement of Claim

1. The DEPARTMENT OF VETERANS AFFAIRS, VA REGIONAL OFFICE, 1240 E. NINTH ST. CLEVELAND, OHIO 44199, and its' "Tiger  Team", authored, published, promulgated and propagated these two false statements:

    1. "…there is no evidence currently available to the VA that documents that these [atropine] injections occurred."

    2. "On your Military separation Documents (DD214) it is documented that you stated you were in the infantry, airborne, and a paratrooper in service. There is no evidence currently available to the VA that documents these military occupations, [infantry, airborne and a paratrooper] in service."

2. In its' rebuttal litigation, dated February and August 2017, March 5, 2018, March 5, 2019, and June 01, 2022, VA vigorously affirms and defends the statements as the true basis, (bases) for denying the veteran plaintiff's claims.

3. VA's past and current litigation publications, (wherein it relentlessly defends the two false statements of its' 2006 'TIGER TEAM"), which, libel, slander, and misrepresent with malice aforethought, and is a calumny, maligning the veteran plaintiff and invades the veteran plaintiff's privacy, defames and assassinates the veteran plaintiff's honorable character.

<u>False Statements History</u>

4. July 24, 2006, VA File Number 365 36 2960, a Rating Decision, (relative to the veteran plaintiff's December 03, 2004, claim), and his subsequent pleadings for honorably earned compensation for service- connected injury, that was denied in the July 24, 2006, Rating Decision, based upon the two false statements.

<u>Veteran Affair's Secretary, Violates Plaintiff's Statutory Right to Evidence Decision.</u>

5. The U. S. Congress is respondeat superior, accountable for the Secretary of Veterans Affair's "responsibility for the *proper execution and administration* of

all laws administered by the Department and for the control, direction and management of the Department" (emphasis added).

6. VA, the accountable respondeat superior to its' Regional Office/Tiger Team's responsibility to evaluate evidence in the "Record Before the Agency', (RBA) upon which it bases, (basis), decisions, the RO/TT, "rather (than) address the disability rating … or the date when benefits should take effect, (determined by the evidence in the RBA), on March 11, 2019, … issued a separate decision.", awarding 100% disability.

7. VARO evades exonerating the veteran plaintiff by apparently using a service number other than the veteran's 16623268 to issue the separate decision.

8. VA refusal to adjudicate the two statement veracity, continues, (with malice aforethought), to openly, relentlessly and maliciously circulate the clear and unmistakably erroneous, slanderous, evil, false denial statements in all its' subsequent litigation, despite the March 05, 2018, VA BOARD's Decisive refuting of the two false statement's veracity in their granting service connection and VA's 06/01/2022 Rating Decision award for hearing loss.

9. The plaintiff's exhausted litigation, documents VA's contemptuous perpetuation of the false statements, their refusal to remove, expunge or purge the false statements from the veteran plaintiff's service records, which unnecessarily still maligns and assassinates the dignified character and reputation of the veteran plaintiff, as well as it documents VA's nose thumbing disregard for the court adjudicated affirmation that the two false statements fail.

10. Consequent VA's denial, Doretha M. Jackson-Collins, (plaintiff's 1st wife), and their children Ray Anthony, Gina Delores, Kevin Dwayne, Gay Doretha and Gail Donia; (plaintiff's 2nd wife) Jumana Malikulmulk, and her two then minor daughters Natalie and Millicent; and, Darlene Malikulmulk, (plaintiff's 3rd wife), and their children Shahid S., Khalilah Abigail, and Raheem R. were denied all the health care, educational and other benefits afforded a veteran's family, as well as their loss of sacred family consortium, due to divorces.

11. Nevertheless, the veteran plaintiff, aware of Bureau of Labor Statistics statement, "that those with the highest educational levels earn on average three times more than those with the lowest levels of education", plaintiff

simultaneously worked as many as four jobs to enable some of his children to receive a college degree.

12. Upon receipt of VA compensation, the veteran plaintiff immediately paid off all the student loans except the $70,000 + his now adult daughter Khalilah is still obligated to pay,

13. He still today, painfully endures the emotional distress of his broken families.

Character Assassination Unrequited

14. The VA BOARD, two VA Appeal Courts and the U.S. Attorney General, contributed to the awarding of the veteran plaintiff's earned monetary, educational and health compensation for service-connected injury, but VA has never fully compensated nor exonerated him for the destructive harm it caused to him and his family, by its' wrongfully repeated denial of his benefit application, knowing that the VA Courts lacked jurisdiction to mandamus order the adjudication of the two clear and unmistakably false, erroneous claim denial statements and that the veteran plaintiff's service record be expunged of the two false statements.

**Evidence**

15. The irrefutable evidence, (that the statements lack veracity), is documented in VA's "RECORD BEFORE THE AGENCY". In the RBA, there are more than eight different documentary records of the veteran plaintiff's infantry, paratrooper and "Berlin" U2 Russian overflight crisis mobilization/atropine sulfate inoculation.

16. VA argues, (in defense of its' evading correction), that the two false statements are "examiner judgements". That they are "judgements", fails to justify VA's failure to knowingly, based upon falsehood exercise its' "rule of law duty", which is  to exonerate the besmirched veteran plaintiff of their fraudulently defining, (in litigation, dated February and August 2017, March 5, 2018, March 5, 2019, and June 01, 2022), the veteran plaintiff as a liar and intended thief.

**17.**. It is conceivable that an examiner could make an incorrect judgement due to lack of service records, but inconceivable that an examiner could make a "no evidence" statement after having reviewed more than eight documents attesting to the veteran plaintiff's military service. This is an indication of deliberate misfeasance /malfeasance, seemingly motivated by the racial animosity the veteran plaintiff observed and experienced in service as well as the code marking, (an encircled "C"), for colored hand-written on the plaintiff's locator cards service records.

**18.** The evidence of the same racial bias in VA's determinations of claims for service-connected disability compensation is now well documented.

**19.** For, the now 84 year old plaintiff, The BOARD of Veteran Appeals adjudicated a March 5, 2019 decision, (18-19-924), and the Court of Veteran Appeals, Feb 02, 2022, decision, 20-2286), that VA's denial arguments, "are of limited probative value", because the "examiner found no new evidence in contrary to the opinion that denied service connection in July 2006. The RO in July 2006 considered the favorable December 2005 medical opinion but concluded that there were no personnel records to corroborate the Veteran's assertions, to include that he, (the veteran plaintiff), was in an infantry unit.

**20.** The August 2017 opinion did not consider the service personnel records received in February 2017 confirming that the veteran was, in fact a member of an infantry unit…, a review of service personnel records in February 2017 shows that from June 1959 to June 1960, the veteran was assigned to an infantry unit during active service".

**21.** Perhaps in response to the non-white plaintiff's request to have their aged legacy claim moved forward on the docket, the VA recently persuaded Congress to extend the existing life expectancy of age 80, (a requirement for priority positioning of legacy claims on the docket), to age 85.

**22.** Unbeknown to most of the Congress, is that the data upon which they made their decision, was void of any health disparities as articulated by its' U.S. Government Agency, NIH National Institute on Aging. The data used, included "whites" only. Health disparities data for African Americans and Hispanics men and women was omitted!

**23.** While there was no examination of pertinent data, it is suspected that the percentage of non-white legacy claims on the docket is far greater than the percentage of African American and Hispanic service personnel claims.

**24.** Even more conclusive of racism's impact, is the U.S District Court of Connecticut Case 3:22-cv-01503 Document 1 Filed 11/28/22, listing facts derived from a 2021 Freedom of Information Act, (FOIA) litigation, (initiated by veteran Conley F. Monk), "a Statistical Analysis which revealed significant difference in VA disability compensation claim determination based on race from 2001 to 2020, (the period for which VA disclosed data). Each year, VA was more likely to reject applications of black veterans than that of white veterans".

**25.** Also undeniable, is the race and sex discrimination data collected by the VA's own History Office. Enslaved Africans and aboriginal Natives in the Revolutionary War, some of whom were, "forced into enlistment by their masters, who either enlisted themselves or offered to send a slave in their place…", (see Lord Dunmore's Loyalist regiment), many of whom were non-white Natives and African Americans", (Slaves in the Revolutionary War).

**26.** Number 11 of 100 Objects: <u>Staff of veterans Administration Hospitals in Tuskegee, Alabama</u>, in the VA History Office, states, "*Plessy v. Ferguson* Supreme Court ruling allowed institutionalized racism and segregation to prevail in American society".

**27.** So entrenched is racism that when President Harry S. Truman signed Executive Order 9981, desegregating the U.S. Army Forces in July 1948, forty-seven of one hundred sixty-six VA hospitals remained racially segregated until VA Administrator Harvey V. Higley directed, "there will be no semblance of racial segregation…" and on July 28, 1954, proclaimed segregation eliminated.

**28.** While racial and sexual segregation can't be a VA hospital's paper policy and procedure, it has been documented, that racism and sexism remain to this day a deeply entrenched cultural practice of too many VA hospitals and facilities.

<u>Relief Sought</u>

**29.** The veteran plaintiff pleads for the court to impose a mandamus that would force the VA to adjudicate the two false statements, (contained in the preceding

paragraphs as if fully set forth herein), either "clear and unmistakable error" or misfeasance/malfeasance and to remove them from his service record.

30. The veteran plaintiff, pleads that punitive and exemplary monetary damages be awarded in a sum sufficient to provide current student Bachelor Degree tuition fees for the plaintiff's three wives, eight children and the two surrogate children, contained in the preceding paragraphs as if fully set forth herein, and for the assessment and payment of compound interest and penalty if the tuition fee payments are delinquent, equal to the amount the plaintiffs would have to pay to the Department of Internal Revenue for delinquent payment of income taxes.

31. Further, plaintiff pleads that this Court issues a permanent injunction, (with a punitive daily monetary penalty for failure to comply with this courts mandamus order to adjudicate whether the two false statements are CUE or misfeasance/malfeasance), to prohibit VA from engaging in any further evasive, delaying tactics like the Jan. 25, 2022 Decision Letter; August 04, 2022 and December 02, 2022 letters, "we are processing your application for compensation…", (apparently anticipating the plaintiff's imminent death), to evade publishing in the plaintiff's service record, that the two denial statements have been confirmed by the BOARD and two VA Courts of Appeal to be irrefutably false and the plaintiff is to be compensated, as contained in the preceding paragraphs as if fully set forth herein.

32. The plaintiff opines, that no government agency of the people should have rights unequal to the rights of the individual citizen.

33. VA, in its' December 21, 2021 Statement of the Case, cites to the plaintiff, Evasion is fraud – "… the intentional misrepresentation of fact, or the intentional failure to disclose pertinent facts, for the purpose of obtaining or retaining, or assisting an individual to obtain or retain eligibility for Department of Veterans Affairs benefits, with knowledge that the misrepresentation or failure to disclose may result in the erroneous award or retention of such benefits.".

34. VA should be held accountable for the same exact legal standard that it imposes upon every veteran claimant for service-connected injury compensation.

**35.** The plaintiff - veteran citizen, nor any other individual citizen, can sue the VA, expecting its' imprisonment, but under the Federal Tort Claims act, this UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, we pray, can award the plaintiffs punitive and exemplary monetary damages with compound interest, in amounts that would more than get the U.S. Department of Veterans Affair's attention and in amounts that would force the agency to retrain, and reeducate staff, enforce policy, procedure and more importantly, develop an agency culture of U.S. Constitutional religious tolerance, freedom to speak (blow the whistle on wrong doings), equal racial privileges, immunities, due process and protection of law, and the means to monitor and record that cultural development, to effect change where the data warrants change.

**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my  knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, o needlessly increase the cost of litigation: (2) is supported by existing law: (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint with the requirements of Rule 11.

**For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing _____MARCH 13_____, 2023

Signature of Plaintiff

Printed Name of Plaintiff:  Mujahid Malikulmulk

**<u>FYI</u>**

The United States Court of Appeals for the Federal Circuit, in its' February 12, 2021, adjudication, *Decided*, page 3, III, PARAGRAPH 2, "…VA will automatically reopen a claim when the new evidence is a service record, even without determining that the evidence is new and material…

PARAGRAPH 3, "Because the new evidence at issue here was a service record, the RO and the Board automatically reopened and reconsidered the claim for service-connection. S.A. 13. And based upon these service records, the Board ultimately ruled in Mr. Malikulmulk's favor…".

Mr, Malikulmulk, (aka Raynor R Collins, RA 16623268 is eighty four, 100% deaf, suffers memory loss, is barely able to walk and has presented the lower court with Doctor's diagnosis of uncontrolled hypertension and other maladies which qualified the advancement on the docket of his legacy case. He pleads for this court to request this information from the lower court if it is required.

PURSUANT TO LOCAL RULE 83.1

1        Is this a case that has been previously dismissed?          **Yes** – dismissed for
lack of jurisdiction

   Court:  U.S Court of Appeals For Veteran Claims

   Case No,: 19-8335

   Judge: Coral Wong Piesch


2        Other then stated above, are there any pending or previously discontinued or
dismissed companion cases in this or any other court, including state court? (Companion cases
are matters in which it appears substantially similar evidence will be offered or the same or
related parties are present and the cases arise out of the same transaction or occurrence.)

                                                                      **Yes** – dismissed in

part and affirmed in part.

   Court: U.S. Court of Appeals for the Federal Circuit

   Case No: 2020-2286

   Judge: Lowrie, Chen, and Hughes


**Notes**

---

VA's BOARD : Judge L. B. Cryan, Veteran Law Judge, affirmed the plaintiff's service connection
evidence, March 05, 2019, which invalidated the VA's two "no evidence" denial statements as
"clear and unmistakable error". VA's refusal to adjudicate the veracity of their two statements
is an invasion of the plaintiff's privacy, his Constitutional rights to due process and equal
protection of the law. Nothing less than a mandamus order from this court is warranted.


I lack the knowledge, skills and ability to act as my own attorney, but at every step in this
judicial process, I've documentation of attorneys, law firms, service organization
representatives and law schools outright refusal to represent me or establishing a bar so high
I'm unable to afford their fees. Consequently, I'm forced to do the best I can at this age and
stage of my life, praying that it is the will of a Power greater than mankind that justice is the
outcome.

`19

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**County in which action arose:** *WAYNE*

## I. (a) PLAINTIFFS

*MALIKULMULK, MUJAHID .S. 301163*

**(b)** County of Residence of First Listed Plaintiff *WAYNE*
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

*Per Se*

## DEFENDANTS

*McDONOUGH, DENIS*

County of Residence of First Listed Defendant *DISTRICT of COLUMBIA*
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF

Case:2:23-cv-10582
Judge: Michelson, Laurie J.
MJ: Stafford, Elizabeth A.
Filed: 03-13-2023 At 12:05 PM
CMP MALIKULMULK V MCDONOUGH, ET AL
(LG)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury – | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☒ 315 Airplane Product Liability / Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☒ 320 Assault, Libel & / ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | Product Liability / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | ☐ 362 Personal Injury - Medical Malpractice | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):* *28 U.S. CODE, PART VI CHAPTER 171 267(-2680; 28 U.S. CODE 1348(B), 1361;*

Brief description of cause: *VA FAILS TO EXONERATE, EXPUNGE THE PLAINTIFF'S SERVICE RECORD OF THEIR TWO FALSE STATEMENTS, (ERROR), OR MISFEANCE/MALFEASANCE.*

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ *PUNITIVE AMOUNTS*

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

*U.S. COURT APPEALS FOR VETERANS CLAIMS: CORAL WONG PIESCH 19-8835*
*U.S. APPEALS FEDERAL CIRCUIT: LINKIE, CHEN, HUGHES 2020-2286*

JUDGE                    DOCKET NUMBER

DATE *MARCH 10, 2023*

SIGNATURE OF ATTORNEY OF RECORD *Per Se Plaintiff M. Malikulmulk*

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

PURSUANT TO LOCAL RULE 83.1

1          Is this a case that has been previously dismissed?                    **Yes** – dismissed for
lack of jurisdiction

  Court:  U.S Court of Appeals For Veteran Claims

  Case No,: 19-8335

  Judge: Coral Wong Piesch

2          Other then stated above, are there any pending or previously discontinued or
dismissed companion cases in this or any other court, including state court? (Companion cases
are matters in which it appears substantially similar evidence will be offered or the same or
related parties are present and the cases arise out of the same transaction or occurrence.)

                                                                                 **Yes** – dismissed in
part and affirmed in part.

  Court: U.S. Court of Appeals for the Federal Circuit

  Case No: 2020-2286

  Judge: Lowrie, Chen, and Hughes

**Notes**

_____

VA's BOARD : Judge L. B. Cryan, Veteran Law Judge, affirmed the plaintiff's service connection
evidence, March 05, 2019, which invalidated the VA's two "no evidence" denial statements as
"clear and unmistakable error". VA's refusal to adjudicate the veracity of their two statements
is an invasion of the plaintiff's privacy, his Constitutional rights to due process and equal
protection of the law. Nothing less than a mandamus order from this court is warranted.

I lack the knowledge, skills and ability to act as my own attorney, but at every step in this
judicial process, I've documentation of attorneys, law firms, service organization
representatives and law schools outright refusal to represent me or establishing a bar so high
I'm unable to afford their fees. Consequently, I'm forced to do the best I can at this age and
stage of my life, praying that it is the will of a Power greater than mankind that justice is the
outcome.